UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CONSUELO BRAVO ACEVEDO,<br><br>Plaintiff,<br><br>vs.<br><br>KAWEAH HEALTH; VISALIA; TULARE; CALIFORNIA,<br><br>Defendants.<br>_____/ | Case No.: 1:24-cv-00125-JLT-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S FIRST AMENDED COMPLAINT BE DISMISSED**<br><br>**(Doc. 18)**<br><br>**OBJECTIONS DUE: 21 DAYS** |

## I.   INTRODUCTION

Plaintiff Maria Consuelo Bravo Acevedo, proceeding *pro se*, initiated this action by filing a complaint on January 26, 2024. (Doc. 1). Plaintiff filed a First Amended Complaint (the "FAC") on July 8, 2024, naming Kaweah Health, the cities of Visalia and Tulare, and the State of California, as defendants. (Doc. 8). Defendant Kaweah Health filed the instant Motion to Dismiss (Doc. 18) on August 19, 2024. Plaintiff has not filed an opposition, and the time to do so has passed. *See* Local Rule 230. On September 12, 2024, Kaweah Health filed a notice of non-opposition, highlighting Plaintiff's failure to respond to Defendant's motion. (Doc. 21).

The motion was referred to the undersigned for the preparation of findings and recommendations. (Doc. 19). While the Court may treat Plaintiff's failure to file a timely opposition as a non-opposition, the undersigned will address the merits of Plaintiff's claims because they are plainly insufficient under Rule 8. For the reasons set forth below, the undersigned recommends that Defendant Kaweah Health's Motion to Dismiss (Doc. 18) be granted.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

In considering Defendant's Motion, the Court accepts as true all factual allegations contained in the FAC. *See, e.g., Rotkiske v. Klemm*, 140 S. Ct. 355, 359 n.1 (2019) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1 (2002)).

Plaintiff alleges Defendant Kaweah Health violated her rights under the First, Eighth, 13th and 14th Amendments to the U.S. Constitution. (Doc. 11 at 4). She alleges the following:

> I was a victim of discrimination, I was told to stay quiet, management building inequalities at work setting, not allowing me to use the restroom or drink water, creating cruel and unusual punishments, sexism and involuntary slavery to a post and servitude. Stating that their policies mandate for management to treat me as employee in such aggressive demeanor, all work place violence and in violation of my Constitutional Amendments right as a Citizen of the United States of America.

(Doc. 11 at 5). She seeks $200 trillion in damages. (Doc. 11 at 6).

## III.   LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim," and dismissal is "proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011). "To survive a motion to dismiss, the plaintiff's complaint 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"At this stage, the Court must take all well-pleaded allegations of material fact as true and construe them in the light most favorable to the non-moving party." *Great Minds v. Office Depot,*

*Inc.*, 945 F.3d 1106, 1109 (9th Cir. 2019). "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64. "'[I]n practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory.'" *Twombly*, 550 U.S. at 562.

In resolving a Rule 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008) (internal quotation marks omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010).

To the extent the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990); *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013). Federal Rule of Civil Procedure 15(a)(2) advises that "[t]he court should freely give leave when justice so requires." "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

### III.   DISCUSSION

Defendant contends that Plaintiff's complaint states no facts to support that her various rights were violated, or more specifically, that Defendant is liable for such violations. As an initial matter, Plaintiff has not identified her relationship to Defendant Kaweah Health or any other named Defendants. Plaintiff's allegations are vague and conclusory and she fails to identify what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 678-79. For the foregoing reasons below, the Court recommends granting Defendant's motion to dismiss, as Plaintiff fails to state a claim in her FAC.

**A.     Plaintiff Fails to Allege a Claim Under the First Amendment**

The First Amendment provides, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the

press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances." U.S. Const. Amend. I.  Plaintiff has failed to establish a claim under the First Amendment.  Courts are to construe pro se pleadings liberally, but "a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest." *Perez v. Unknown*, No. CV 18-08535 ODW (AFM), 2018 WL 6025844, at *3 (C.D. Cal. Nov. 16, 2018) (citing *Brazil*, 66 F.3d at 199).  Plaintiff has alleged no facts connecting Defendant to a First Amendment claim.  At most, Plaintiff alleges that she "was told to stay quiet." (Doc. 11 at 5).   Plaintiff includes no times, dates, or injuries relevant to this case, nor how Defendant is liable for her claim.  Without any of these facts, Plaintiff has not provided the Defendants sufficiently fair notice as to the claims at issue in this case.  *Perez*, 2018 WL 6025844, at *3.  Accordingly, the undersigned recommends dismissing this claim.

**B.     Plaintiff Fails to Allege a Claim Under the Eighth Amendment**

Under the Eighth Amendment, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.  Eighth Amendment claims are "reserved for 'those convicted of crimes.'" *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001) (quoting *Whitley*, 475 U.S. at 318 (1986)).  Plaintiff does not state that she is an inmate, and none of her factual allegations relate to her treatment as a convicted prisoner.  Therefore, she has failed to state a claim under the Eighth Amendment, let alone establish that Defendant is responsible for such a claim.  *Hawkins*, 251 F.3d at 1238.  Accordingly, the undersigned recommends dismissing this claim.

**C.     Plaintiff Fails to Allege a Claim Under the 13th Amendment**

The Thirteenth Amendment prohibits "slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted[.]" U.S. Const. amend XIII. At most, Plaintiff appears to allege she was not allowed to use the restroom or to drink water, but she has not established that this amounted to slavery or involuntary servitude.  To the extent Plaintiff alleges Defendant discriminated against her, "[t]he Thirteenth Amendment provides individuals with the right to be free from involuntary servitude; it does not afford protection from

4

discrimination more generally." *Kagy v. Sterling Hills Golf Course*, 211 Fed.Appx. 563, 565 (9th Cir. 2006) (citing *Palmer v. Thompson*, 403 U.S. 217, 226–27 (1971). Accordingly, the undersigned recommends dismissing this claim.

**D.      Plaintiff Fails to Allege a Claim Under the 14th Amendment**

"The Equal Protection Clause [of the Fourteenth Amendment] requires the State to treat all similarly situated people equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008) (citation omitted). To state an equal protection claim under section 1983, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (citations omitted). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) (emphasis removed) (citation omitted). Plaintiff must allege facts to support a finding of discriminatory intent as a result of the plaintiff's membership in a suspect class, such as race. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir.2005). Plaintiff has failed to state a claim under the 14th Amendment, let alone establish that Defendant is responsible for such a claim. *Hawkins*, 251 F.3d at 1238. Plaintiff does not allege she is a member of a protected class, nor that Defendant acted with the intent or purpose of discriminating against her. Accordingly, the undersigned recommends dismissing this claim.

**E.      Plaintiff Fails to Allege a Claim Under Title VII**

Title VII states that it is an unlawful employment practice for an employer to discriminate against an employee because of her "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(b). To establish a prima facie case of intentional discrimination or "disparate treatment" under Title VII, a plaintiff must show that: "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004); *see also Raad v. Fairbanks North Star Borough School Dist.*, 323 F.3d 1185, 1195–96 (9th Cir. 2003) (citing *McDonnell Douglas Corp.*

5

*v. Green*, 411 U.S. 792 (1973)).

At the pleading stage, a plaintiff is not required to allege specific facts establishing each of these four elements to make out the type of prima facie case required at the evidentiary stage. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007) (reaffirming *Swierkiewicz*).  The plaintiff must, however, allege facts sufficient to put the defendant on fair notice of the basis for the claims, including, for example, that the plaintiff's employer discriminated against the plaintiff because of their race, color, religion, sex, or national origin and facts to support that assertion, and at least some facts regarding the adverse employment action and the events leading up to the adverse employment action. *See Swierkiewicz*, 534 U.S. at 514; *see also Fresquez v. County of Stanislaus*, No. 1:13-cv 1897-AWI-SAB, 2014 WL 1922560, at *2 (E.D. Cal. May 14, 2014) ("[W]hile a plaintiff need not plead facts constitut[ing] all elements of a prima facie employment discrimination case [ ] to survive a motion to dismiss, courts look to those elements . . . so as to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a [plausible] claim to relief.").

Title VII requires a plaintiff to file an administrative claim with the EEOC against an employer within one hundred and eighty days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e–5. The EEOC then issues a "right-to-sue" notice permitting a civil action to be brought against the employer within ninety days. Id. § 2000e – 5(f)(1). Substantial compliance with the administrative exhaustion process is a jurisdictional prerequisite to the filing of a civil action against that employer under federal law.  *See Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001).  The scope of the claims presented to the EEOC by way of formal charge determines the permissible scope of the claims that may be presented in the district court. *Leong v. Potter*, 347 F.3d 1117, 1121–22 (9th Cir. 2003).

Plaintiff has not pleaded that she has filed an administrative claim with the EEOC, and without exhausting the administrative process, this Court is without jurisdiction to hear her case. *Sommatino,* 255 F.3d at 708.  Nor has Plaintiff pleaded a prima facie case of intentional discrimination.  She has not alleged that she is a member of a protected class; (2) that she was

qualified for his position; (3) that she experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably. *Peterson,* 358 F.3d at 603. Without any additional facts from Plaintiff, she has not put Defendant on fair notice of the alleged claims of discrimination. Accordingly, the undersigned recommends dismissing this claim.

**F.     Leave to Amend**

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Bly–Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001). Where the Court has already granted a plaintiff leave to amend a complaint, however, the Court's discretion to decide whether to allow additional opportunities to amend is "particularly broad." *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004); *accord Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012). In general, a pro se litigant will be granted an opportunity to amend deficient pleadings ordinarily. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). However, the Court may dismiss a complaint without leave to amend where its deficiencies will not be cured by an amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013). At this stage, the factual basis for Plaintiff's claims is largely unclear. Because the Court cannot determine that Plaintiff's complaint could not possibly be cured by alleging other facts, the Court recommends granting Plaintiff leave to amend.

### V.     CONCLUSION

For the foregoing reasons, the undersigned recommends GRANTING Defendant's Motion to Dismiss (Doc. 18) with respect to Defendant Kaweah Health with leave to amend. These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendation with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The

parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     **October 7, 2024**                           */s/ Sheila K. Oberto*                    
                                                                   UNITED STATES MAGISTRATE JUDGE