UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CONSUELO BRAVO ACEVEDO,<br><br>  Plaintiff,<br><br>  v.<br><br>KAWEAH HEALTH, *et al.*,<br><br>  Defendants. | Case No.: 1:24-cv-0125 JLT SKO<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND, AND TERMINATING AS MOOT PLAINTIFF'S MOTION TO CHANGE THE DEFENDANTS' NAMES<br><br>(Docs. 7, 18, 24)<br><br>ORDER DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT WITHIN 30 DAYS |

Maria Consuelo Bravo Acevedo seeks to hold the defendants liable for violations of her constitutional rights. (*See generally* Doc. 11.) Kaweah Health moved to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 18.) The magistrate judge found the allegations in the complaint "are vague and conclusory," and Plaintiff "fails to identify what each named defendant did that lead to the deprivation of [her] constitutional rights." (Doc. 24 at 3.) The magistrate judge found Plaintiff failed to allege facts sufficient to support her claims for constitutional violations or discrimination under Title VII. (*Id.* at 3-7.) Because "the factual basis for Plaintiff's complaints is largely unclear," the magistrate judge found the Court could not determine whether the pleading deficiencies could be cured. (*Id.* at 7.) Therefore, the magistrate judge recommended the motion to dismiss be granted, and Plaintiff be given leave to amend. (*Id.*)

1

Plaintiff filed timely objections to the Findings and Recommendations. (Doc. 26.) However, Plaintiff does not address the specific findings of the magistrate judge. (*See id.* at 1-5.) Rather, Plaintiff adds new factual allegations to support her claims. The new allegations do not undermine the findings of the magistrate judge related to the pleading deficiencies of the amended complaint. *See Ajaelo v. Carrillo*, 2022 WL 35659, at *3 (S.D. Cal. Jan. 3, 2022) ("The new allegations and documents submitted by Plaintiff with [the] Objections are not a substitute for factual allegations in the Complaint."). Furthermore, the Court declines to consider the new allegations at this juncture. *See Brown v. Roe*, 279 F.3d 742, 744-45 (9th Cir. 2002) (indicating it is within the discretion of the Court to consider any new arguments made in objections). As the magistrate judge determined, the allegations stated in the amended complaint are vague and conclusory, and Plaintiff failed to allege facts sufficient to state cognizable claims.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations (Doc. 24) are **ADOPTED** in full.
2. Defendant's motion to dismiss (Doc. 18) is **GRANTED**, with leave to amend.
3. Plaintiff's motion to change the defendants' names (Doc. 7) is terminated as **MOOT**.
4. Plaintiff **SHALL** file a second amended complaint within 30 days of the date of service of this order. The second amended complaint **SHALL** include all factual allegations to support the claims, without reference to prior pleadings.

**Failure to file a second amended complaint within the specified timeframe will result in the action being dismissed without prejudice for failure to prosecute and failure to comply with the Court's order.**

IT IS SO ORDERED.

Dated:   **November 15, 2024**

UNITED STATES DISTRICT JUDGE