UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CONSUELO BRAVO ACEVEDO, | Case No.: 1:24-cv-0125 JLT SKO |
| Plaintiff, | ORDER DISMISSING THE ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |
| v. | |
| KAWEAH HEALTH, *et al.*, | |
| Defendants. | |

Maria Consuelo Bravo Acevedo seeks to hold the defendants liable for violations of her constitutional rights. (*See generally* Doc. 11.) Because Plaintiff failed to prosecute the action and failed to comply with the Court's order to file an amended complaint, the action is **DISMISSED** without prejudice.

**I.    Relevant Background**

Kaweah Health moved to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 18.)  The Court found the allegations in the complaint were "vague and conclusory," and Plaintiff failed "to identify what each named defendant did that lead to the deprivation of [her] constitutional rights." (Doc. 24 at 3.)  The Court also found Plaintiff failed to allege facts sufficient to support her claims for constitutional violations or discrimination under Title VII. (*Id.* at 3-7; *see also* Doc. 28.)  Because "the factual basis for Plaintiff's complaints [was] largely unclear," the Court could not determine whether the deficiencies could be cured. (*Id.* at 7.)

1

On November 15, 2024, the Court dismissed the Complaint with leave to amend and served Plaintiff at the address on the record.  (Doc. 28 at 2.)  Plaintiff was granted 30 days after the date of service to file a second amended complaint, including "all factual allegations to support [her] claims, without reference to prior pleadings." (*Id.*)  The Court warned Plaintiff: "Failure to file a second amended complaint within the specified timeframe will result in the action being dismissed without prejudice for failure to prosecute and failure to comply with the Court's order." (*Id.*, emphasis omitted.)  To date, Plaintiff has not filed an amended complaint or otherwise responded to the order.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court."  LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action for a party's failure to prosecute an action or failure to obey a court order.  *See*, *e.g*. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III.    Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

### A.     Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  *See Yourish v. Cal. Amplifier*,

191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants).  This Court cannot, and will not hold, this case in abeyance based upon the failure to comply with the Court's order and failure to take action to continue prosecution in a timely manner.  *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics").  Accordingly, these factors weigh in favor of dismissal of the action.

### B. Prejudice to Defendant

To determine whether the defendant suffer prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case."  *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)).  Significantly, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Plaintiff has not taken action to further the prosecution of the action, despite being ordered by the Court to file an amended complaint upon granting Defendants' motion to dismiss.  Therefore, this factor weighs in favor of dismissal of the action.

### C. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986).  However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement.  *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262.  As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

In the order dismissing the complaint, the Court warned Plaintiff that failure to comply with the Court's order to file an amended complaint could result in dismissal "for failure to prosecute and failure to obey the Court's order." (Doc. 28 at 2, emphasis omitted).  Importantly, the Court need only

warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements of Rule 41.  *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction).  Accordingly, the Court's warning satisfied the requirement that lesser sanctions be considered, and this factor weighs in favor of dismissal of the action.  *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

### D.      Public policy

Given Plaintiff's failure to prosecute the action and failure to comply with the Court's order, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits… weighs against dismissal, it is not sufficient to outweigh the other four factors").

## IV.     Conclusion and Order

Plaintiff failed to prosecute this action though her failure to file an amended complaint.  In addition, Plaintiff failed to comply with the Court's order dated November 15, 2024 (Doc. 28), despite a warning that terminating sanctions may be imposed.  Accordingly, the Court finds the imposition of terminating sanctions is appropriate.

Based upon the foregoing, the Court **ORDERS**:

1. This action is **DISMISSED** without prejudice.
2. The Clerk of Court is **DIRECTED** to close the action.

IT IS SO ORDERED.

Dated:   **December 22, 2024**

UNITED STATES DISTRICT JUDGE